# UNITED STATES DISTRICT COURT

for the

Middle District of North Carolina

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>INFORMATION ASSOCIATED WITH CERTAIN E-MAIL<br>ACCOUNTS STORED AT PREMISES CONTROLLED<br>BY GODADDY, INC. | )<br>)<br>)<br>)<br>)<br>) |

Case No. 1:17mɔ207-1

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
  See Attachment A

located in the _____Middle_____ District of _____North Carolina_____ , there is now concealed *(identify the person or describe the property to be seized):*
  See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. § 1031 | Major fraud against the United States |
| Title 18 U.S.C. § 1343 | Wire fraud |

The application is based on these facts:
  See affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

JEREMY WIESEL, SPECIAL AGENT, DCIS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 6/15/17 8:55AM

City and state: DURHAM, NC

_____
*Judge's signature*

HON. JOE L. WEBSTER, U.S. MAGISTRATE JUDGE
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH E-MAIL ACCOUNTS DAVID@SMFSOLUTIONS.COM, HENRY@SMFSOLUTIONS.COM, GEORGE@SMFSOLUTIONS.COM, LINDSEY@LPMANAGEMENTFIRM.COM, AND BETH@LPMANAGEMENTFIRM.COM, THAT ARE STORED AT PREMISES CONTROLLED BY GODADDY, INC. | Case No. 1:17MJ207-1 |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Jeremy Wiesel, being first duly sworn, hereby depose and state as follows:

## I.   BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with certain accounts that are stored at premises controlled by GoDaddy, Inc., an internet domain name registrar, website host, and electronic mail ("e-mail") provider headquartered at 14455 N. Hayden Road Scottsdale, Arizona 85260 (hereinafter, "the Provider"). The information to be searched as described in the following paragraphs are user profiles and e-mail accounts associated with the domain names smfsolutions.com and lpmanagementfirm.com (the "Subject Accounts"), also

1

described in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require the Provider to disclose to the Government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, Government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2. I am a Special Agent with the Defense Criminal Investigative Service, and have been for approximately nine years. Prior to DCIS, I was a United States Postal Inspector for approximately four years. I have extensive training and experience in the investigation of white collar and economic crime violations of federal law, such as mail fraud, wire fraud, bribery, and money laundering. I am a Certified Fraud Examiner with the Association of Certified Fraud Examiners.

3. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

2

4.    Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § § 1031 (Major Fraud Against the United States), and 1343 (Wire Fraud) have been committed by George Edward Patton ("G. Patton"), Lindsey Saunders Patton ("L. Patton"), Jackson Luther Saunders ("Saunders"), Henry Lee Patton ("H. Patton"), Henry Services, LLC ("Henry Services"), JS SDVO, LLC ("JS SDVO"), LP Management Firm, LLC ("LP"), SMF Solutions, LLC (also known as Services Management Firm, LLC) ("SMF"), and Patton Installations of Florida ("PIF"), Inc. There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband or fruits of these crimes further described in Attachment B.

## II.    **OVERVIEW**

5.    On November 26, 2012, the U.S. Department of the Interior proposed G. Patton, PIF, and J&G Installations for debarment after an investigation that revealed that G. Patton had made a false statement to the Government by certifying that PIF had not been terminated for default within the past three years.        In  addition,  G.  Patton  falsified  a subcontractor's signature on a Standard Form 1413 that he submitted to the Government in support of a contract award.

3

As of the above date, when the Government notified G. Patton, PIF, and J&G of their proposed debarments, all three became "ineligible to receive any Federal contract or approved subcontract, or to act as an agent or representative on behalf of another in such transactions." On January 22, 2013, PIF, J&G and G. Patton contested the proposed debarments. On July 16, 2013, G. Patton signed a Voluntary Exclusion Agreement in which "Patton agrees to a voluntary exclusion from Federal procurement and nonprocurement programs, as set forth at 48 C.F.R. Part 1400, for a period of two (2) years and five (5) months from the Effective Date of this Agreement. During the period of his exclusion, Patton may not conduct business with the Federal Government as an agent, representative, or principal[1], including key employee of Patton Installations of Florida (PIF) or J&G Installations, LLC (J&G), or any other Federal Contractor." The System for Award Management (SAM) (www.sam.gov) is a Federal Government website where entities

---

[1]A principal means – (a) An officer, director, owner, partner, principal investigator, or other person within a participant with management or supervisory responsibilities related to a covered transaction; or (b) A consultant or other person, whether or not employed by the participant or paid with Federal funds, who – (1) is in a position to handle Federal funds; (2) Is in a position to influence or control the use of those funds; or (3) Occupies a technical or professional position capable of substantially influencing the development or outcome of an activity required to perform the covered position.

4

"register to do business with the U.S. Government." According to an entry in the SAM Entity Registration, G. Patton's exclusion period would be from July 17, 2013 to December 17, 2015. According to a Compliance and Ethics Agreement between Patton and the Government, PIF was removed from the ineligibility listing in SAM. G. Patton informed the U.S. Department of the Interior that J&G would be dissolved, so it was not included in the exclusion agreement.

6. In a letter to the U.S Department of the Interior Office of Inspector General (DOI-OIG) dated November 13, 2013, L. Patton stated that "George Patton has resigned from both Patton Installations and J&G Installations, and no longer has an active role in either company. J&G Installations has been dissolved so no other business will be performed under that name."

7. On July 6, 2016 and August 17, 2016, a Michael David Mantooth ("Mantooth") reported that G. Patton had repeatedly violated his exclusion agreement. Mantooth told agents that he and L. Patton were married from approximately March 2015 until they separated in approximately June 2016, and L. Patton was married to G. Patton for an undetermined period prior to that. According to Mantooth, G. Patton enlisted the help of his father in

5

law Saunders to form JS SDVO. G. Patton also enlisted the help of his brother H. Patton to form Henry Services, LLC. Additionally, Mantooth and L. Patton jointly formed SMF, and Mantooth stated that L. Patton convinced him to hire G. Patton as to help win contracts. Mantooth further stated that L. Patton operated a company called LP Management Firm which worked Government contracts.

8. Mantooth said that in June or July 2015, G. Patton and L. Patton told him that G. Patton was debarred from Federal Government contracting, and Mantooth saw the Voluntary Exclusion Agreement to that effect. L. Patton told Mantooth that H. Patton and G. Patton created Henry Services LLC for the explicit purpose of allowing G. Patton to continue to work on Federal Government contracts, despite his debarment. L. Patton also told Mantooth that G. Patton and Saunders created JS SDVO for the same reason. Mantooth stated JS SDVO was also intended to provide Saunders with additional income, even though Saunders did not work for the company.

9. Mantooth stated that he created an account on GoDaddy.com in order to create email addresses for SMF.

## III. **THE INVESTIGATION**

### A. The Companies

10. PIF was formed March 12, 2007, by G. Patton in Florida. The last address for PIF was 4293-D Highway 24/27 East, Midland, NC 28107. PIF was administratively dissolved on September 25, 2015 for failure to file an annual report. PIF received approximately $6,103,065 in federal contracts from May 2007 through December 2015, and was registered in SAM as a Woman-owned Small Business on April 3, 2007.

11. J&G was formed April 1, 2008, by Saunders, G. Patton and L. Patton in Florida. The most recent mailing address is 5833 Kristi Lane, Midland, NC 28107. J&G was registered in SAM as a Service-Disabled Veteran-owned Small Business (SDVOSB) on April 10, 2008. J&G was administratively dissolved on September 27, 2013 for failure to file an annual report. J&G received approximately $2,500,000 in federal contracts from June 2008 through July 2012.

12. LP was formed February 6, 2013 by L. Patton in North Carolina. The address listed for the company was 4293-D Highway 24/27, Midland, NC 28107. LP was administratively dissolved on January 14, 2016 for failure to file an annual update. LP received approximately $138,447 in federal contracts from May 2013 through April 2015, and was registered

7

in SAM as a Woman-owned Small Business on January 25, 2013. The registrant name listed for the website LPManagementFirm.com is G. Patton and the registrant organization is listed as Patton Installations.

13. JS SDVO was formed May 16, 2013, by Saunders, President, in North Carolina. Saunders listed on the Articles of Incorporation an e-mail address of js.sdvo.llc@gmail.com and a mailing address of 4293-D Hwy 24/27, Midland, NC 28107. On June 9, 2015, an annual update was filed which added Lois Ann H. Saunders, Vice President. The mailing address was also updated to 2116 South Main Street, Kannapolis, NC 27081. On March 28, 2013, JS SDVO was registered in SAM as a SDVOSB and received approximately $3,072,805 in Federal contracts from April 2013 through present.

14. Henry Services was formed on July 1, 2014, by Henry L. Patton in South Carolina. The address listed for the company was 106 Havenwood Drive, Gaston, SC 29053. On February 18, 2014, Henry Services was registered in SAM. On March 5, 2015, its SAM Entity Registration was updated to declare it as a Veteran-owned Small Business (VOSB), and it received approximately $4,195,111 in federal contracts from June 2015 through present.

8

**15.** SMF was registered in SAM on March 19, 2015 as a Woman-owned Small Business. The names Lindsey Patton and Lindsey Mantooth were listed as points of contact. We were unable to find state incorporation records for SMF, but SMF self-certified its business start date in SAM as January 25, 2015, with address 3900 Hwy 24/27 E., Midland, NC 28107.

**16.** A business which is either an SDVOSB or a VOSB has certain advantages when bidding on federal contracts, as there are set-aside percentages of federal contracts which are to be awarded to such businesses.

**17.** Your affiant learned in this investigation, through the Government's Federal Procurement Data System website (www.fpds.gov), that during G. Patton's exclusion period JS SDVO received approximately $331,740.59 in federal contracts, Henry Services received approximately $4,195,111 in federal contracts, PIF received approximately $2,080,509 in federal contracts, LP received approximately $130,004 in federal contracts, and SMF received approximately $344,126 in federal contracts.

**B. G. Patton's Substantive Participation with the Companies**

18. This investigation has revealed that G. Patton appears to have substantially participated as a principal and

9

key employee of PIF, JS SDVO, Henry Services, and SMF during his exclusion period, in violation of his exclusion agreement.

19. G. Patton received approximately $235,000 from JS SDVO, Henry Services and PIF during the period in which G. Patton was excluded from Government contracts. The majority of these checks were made payable to cash, but many of those checks had notations in the memo line portion such as "GEP", "GEP Salary", and "Advance from GEP's profit 11/26". Contrary to her November 13, 2013 letter to DOI-OIG, L. Patton wrote thirty checks totaling approximately $41,000 to G. Patton from a PIF bank account between October 2013 and February 2014, while PIF performed work on Federal Government contracts. Most of the PIF checks contained notes on the memo line such as "Week Ending XX/XX/XXXX." Starting in December 2015, after G. Patton's exclusion period ended he received a total of approximately $225,646 from Henry Services.

20. On November 12, 2015, an Amended Articles of Organization was filed for Henry Services in South Carolina adding G. Patton as an additional member. This amendment was signed by G. Patton. It should be noted that G. Patton's exclusion agreement did not expire until December 17, 2015.

10

21.  Our review of JS SDVO bank records revealed that G. Patton signed JS SDVO company checks between April 2013 and July 2013. Between July 2013 and September 2013, a JS SDVO company bank account made ten wire transfers totaling $11,800 to a bank account in G. Patton's name. During this entire period, JS SDVO performed work on Federal Government contracts. On January 27, 2016, G. Patton was added to the SAM Entity Registration for JS SDVO as "owner."

22.  A review of cellular phone text messages between Mantooth and G. Patton, obtained consensually from Mantooth, revealed that in a June 18, 2015 message, G. Patton asked Mantooth to create three bank accounts in relation to SMF, and asked to be paid in cash in amounts less than $10,000. Later in the same message chain, G. Patton directed Mantooth that "No SMF checks can EVER be deposited in any account I am signer on until I get reactivated."

23.  Mantooth told us that he created e-mail address george@smfsolutions.com for G. Patton to conduct SMF business, and Mantooth showed us a text message in which he provided that address and its password to G. Patton. Mantooth also said that he created an smfsolutions.com e-mail address for H. Patton, at G. Patton's request.

11

24. As an example of G. Patton's participation in SMF, on July 15, 2015, a representative from SMF submitted a bid proposal for a contract to a National Park Service contracting officer. The signature block in the e-mail contained the name "George" (no last name). Under that name was phone number 803-636-3763, which Sprint subscriber records revealed belonged to G. Patton. Another example of G. Patton's participation with Government contracts during his exclusion period is a September 2, 2015 e-mail from JS SDVO in which Saunders and/or "George Mantooth" submitted a proposal via e-mail for a Bureau of Land Management solicitation. The phone number in the signature block was 803-636-3763, the same shown in Sprint subscriber records as belonging to G. Patton, as stated in Paragraph 23.

25. According to Federal Acquisition Regulation 52.209-5, "Certification Regarding Responsibility Matters," when a company registers in SAM, it is required to certify [in part] that the offeror and/or its principals are not "debarred, suspended, or proposed for debarment, or declared ineligible for the award of contracts by any Federal agency." PIF, JS SDVO, Henry Services, LP Management, and SMF repeatedly updated their SAM registrations without declaring that an excluded party (G. Patton) was a principal or key employee.

12

26. In an email dated August 19, 2015, Henry Patton wrote: "George Patton does sales for my company, securing contracts while not actually on the payroll." That email goes on to state certain contracts which George Patton has secured for Henry Services, where the value of one contract was $3,551,955.00; that contract was secured during the time when George Patton was debarred from federal contracting work.

## C. The Companies' Use of E-mail

27. In my experience, I have learned that Federal Government contracting officers greatly rely on e-mail and electronic information systems to administer contract documentation and monitor performance, in order to eliminate the need for in-person meetings and the costs associated with non-electronic mail services. Review of Department of the Interior e-mail archives and other documents collected from contracting officers at several Federal agencies has revealed that G. Patton, H. Patton, L. Patton, and Saunders used e-mail to forward signed documents to and communicate with the Government during contract performance. Their extensive use of e-mail in operating the businesses demonstrates the integral role of their e-mail addresses in their conspiracy to defraud the United States.

28. In addition to testimony and the text messages provided by Mantooth, I have discovered email addresses with the domain names smfsolutions.com and lpmanagementfirm.com on a variety of documents. The e-mail address george@smfsolutions.com was used for communications with the contracting officers for National Park Service solicitation number P15PS00148 and U.S. Air Force contract number FA4528-15-P-4009. Additionally, the e-mail address henry@smfsolutions.com was used in communications for the cited U.S. Air Force contract. Saunders applied for credit with FedBid, which operates a reverse auction website where vendors can search for Government contract opportunities, and he provided e-mail address david@smfsolutions as the contact e-mail for SMF Solutions (which Saunders listed as a trade reference on the application). E-mail addresses lindsey@lpmanagementfirm.com and beth@lpmanagementfirm.com appeared in numerous bid documents that LP uploaded into the FedBid website. E-mail address lindsey@lpmanagementfirm.com was listed on a business account application form with Wells Fargo Bank. That e-mail address was also listed as the Government business point of contact for LP's SAM updated registration dated January 14, 2015.

29. The website www.whois.net maintains a database of internet domain name information and allows public searches to identify the domain registrar. According to information obtained from www.whois.net, GoDaddy.com is the domain registrar for domain names smfsolutions.com and lpmanagementfirm.com.

## IV. **BACKGROUND CONCERNING E-MAIL**

30. In my training and experience, I have learned that the Provider provides a variety of services, including e-mail access, to subscribers. The Provider allows subscribers to obtain e-mail accounts at the domain name of the Provider, such as the e-mail account(s) listed in Attachment A. Subscribers obtain an account by registering with the Provider. During the registration process, the Provider asks subscribers to provide basic personal information. Therefore, the computers of the Provider are likely to contain stored electronic communications (including retrieved and unretrieved e-mail for the Provider subscribers) and information concerning subscribers and their use of the Provider's services, such as account access information, e-mail transaction information, and account application information. In my training and experience, such information may constitute evidence of the crimes under investigation

15

because the information can be used to identify the account's user or users.

31. In my training and experience, e-mail providers generally ask their subscribers to provide certain personal identifying information when registering for an e-mail account. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative e-mail addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

32. In my training and experience, e-mail providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the

16

account. In addition, e-mail providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the e-mail account.

33. In my training and experience, in some cases, e-mail account users will communicate directly with an e-mail service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. E-mail providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

## V. CONCLUSION

34. Based on the forgoing, I request that the Court issue the proposed search warrant. Because the warrant will be served on the Provider, who will then compile the requested

records at a time convenient to it, there exists reasonable

cause to permit the execution of the requested warrant at any

time in the day or night.

Respectfully submitted,

_____

Jeremy Wiesel
Special Agent
Defense Criminal
Investigative Service

Subscribed and sworn to before me on

_____, 2017   8:55 AM

_____

The Honorable JOE L. WEBSTER
UNITED STATES MAGISTRATE JUDGE

## **ATTACHMENT A**

### **Property to Be Searched**

This warrant applies to information associated with the e-mail accounts:

david@smfsolutions.com

george@smfsolutions.com

henry@smfsolutions.com

lindsey@lpmanagementfirm.com

beth@lpmanagementfirm.com

And the domain names:

smfsolutions.com

lpmanagement.com

that are stored at premises controlled by GoDaddy, Inc., a company that accepts service of legal process at Compliance Department, GoDaddy.com Inc., 14455 North Hayden Road, Suite 219, Scottsdale, Arizona 85260.

1

## **ATTACHMENT B**

### **Particular Things to be Seized**

**I.    Information to be disclosed by GoDaddy, Inc. (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A from January 1, 2013 to December 31, 2015:

a.    All records, files, and other information (including data and the content of electronic communications or contained in "draft" or "trash" GoDaddy folders) associated with the account usernames;

b.    The contents of all emails associated with the account usernames, including stored or preserved copies of emails sent to and from the account usernames, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email;

c.    All records or other information regarding the GoDaddy profile and identification of the account usernames, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account usernames, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment and the IP addresses used to make payments (including any credit or bank account number);

1

d.      The types of service utilized;

e.      The content of any websites hosted by GoDaddy including upload (FTP) logs, user access and traffic logs related to domain names smfsolutions.com and lpmanagement.com;

f.      All records or other information stored at any time by an individual using the account usernames and , including address books, contact and buddy lists, calendar data, pictures, and files;

g.      All records pertaining to communications between the Provider and any person regarding the account usernames, including contacts with support services and records of actions taken.

## II.   Information to be seized by the government

All information described above in Section I that constitutes fruits, contraband, evidence and instrumentalities of violations of 18 U.S.C. § § 1031 (Major Fraud Against the United States), and 1343 (Wire Fraud), those violations involving subject(s) for each account or identifier listed on Attachment A, information pertaining to the following matters:

(a) Evidence of bidding on and attempting to bid on federal contracts;

(b) Evidence of engaging in work based on being awarded a federal contract;

(c) Evidence of communications amongst co-conspirators, and between co-conspirators and unwitting individuals with respect to the fraud scheme;

(d) Evidence of the creation of other facilities to effectuate the fraud scheme;

(e) Evidence indicating how and when the email account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner(s);

(f) Evidence indicating the email account owner's/owners' state of mind as it relates to the crime under investigation;

(g) Evidence relating of financial activity and the conducting of financial activity using the subject email account(s);

(h) The identity of the person(s) who created or used the user ID, including records that indicate the whereabouts of such person(s).

3

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by GoDaddy, Inc., and my official title is _____. I am a custodian of records for GoDaddy, Inc. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of GoDaddy, Inc., and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

      a.     all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

      b.     such records were kept in the ordinary course of a regularly conducted business activity of GoDaddy, Inc.; and

      c.     such records were made by GoDaddy, Inc. as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____    _____
Date                           Signature

1